IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERTHA KEYLON,

   Plaintiff,

v.            No. 04-1303 JP/RLP

S. BARNARD,
City of Albuquerque Police Officer,

   Defendant.


## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS:


### With Supporting Authority Citations

        Respectfully submitted,

        **KENNEDY LAW FIRM**

        _____
        Joseph P. Kennedy
        Shannon L. Kennedy
        Attorneys for Plaintiff
        1000 Second Street NW
        Albuquerque, New Mexico   87102
        (505) 244-1400

**PLAINTIFF'S REQUESTED INSTRUCTION NO.1**

In this case Bertha Keylon claims damages as the result of a deprivation, under color of state law, of rights secured to her by the Constitution of the United States and by a federal statute protecting the civil rights of all persons within the Untied States.

Specifically, Bertha Keylon alleges that she suffered injury when Defendant Scott Barnard unlawfully detained her, arrested her without probable cause to believe she committed a crime and unlawfully charged her with a crime without probable cause.

Federal Jury Practice and Instructions, Sec. 103.01 (West's 1987).

**PLAINTIFF'S REQUESTED INSTRUCTION NO.2**

The Federal Civil Rights Statute under which the Plaintiff sues provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Federal Jury Practice and Instructions, Sec. 103.02 (West's 1987)(modified).

**PLAINTIFF'S REQUESTED INSTRUCTION NO.3**

  This court has determined that Defendant Barnard unlawfully seized Plaintiff Keylon, unlawfully arrested her, and unlawfully charged her with a crime without probable cause to believe she committed a crime.

  You must accept as true that Defendant Barnard violated Ms. Keylon's constitutional rights.  Your role in this trial is to determine what damages, if any, Plaintiff Keylon suffered and whether, in your discretion, an award of punitive damages is appropriate.

  .

Keylon v. City of Albuquerque, 535 F.3d 1210 (10th Cir. 2008).

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 4**

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Damages must not be based on speculation or guesswork because it is only actual damage - what the law calls compensatory damages - that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money.  They cover both the mental and physical aspects of injury - tangible and intangible.  They are an attempt to restore the Plaintiff, that is, to make her as whole as she was immediately prior to her injuries.

You should consider the following elements of damages, to the extent you find them proved by a preponderance of evidence, and no others:

A. Any physical injury and resulting pain and suffering;

B. The reasonable cost of any medical care;

C. The reasonable cost of her criminal defense and any loss of liberty;

D. Any personal humiliation and embarrassment suffered by the Plaintiff;

E. Any mental or emotional anguish that is a result of any injury or the deprivation of Plaintiff's rights;

No evidence of the value of such intangible things as mental or physical pain has been or need be introduced.  In that respect it is not the value you are trying to determine, but an amount that will fairly compensate the Plaintiff for damages she has suffered.  There is no exact standard for fixing the compensation to be awarded on account of such elements of damages.  Any such award should be fair and just in light of the evidence.

Pattern Jury Instructions, Civil Case, Eleventh Circuit, (West's 1990); Borunda v. Richmond, 855 F.2d 1384 (9th Cir. 1988); Baskin v. Parker, 602 F.2d 1205, 1209-10 (5th Cir. 1979); Bryan v. Jones, 519 F.2d 44 (1976); Busche v. Burkee, 649 F.2d 509, 519 (7th Cir. 1981); Howard v. Adkison, 887 F.2d 134, 139 (8th Cir. 1989)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 5
## NOMINAL DAMAGES

If you find the Plaintiff has not sustained any compensatory damages, then you must return a verdict for the Plaintiff in some nominal sum such as one dollar.

The award of a nominal sum on account of compensatory damages would not prevent you from awarding punitive damages in such amount as you deem appropriate, if you find the award of punitive damages is justified under these circumstances.

See Carey v. Piphus, 435 U.S. 247 (1978); Section 1983; Federal Jury Practice and Instructions, Sec. 7-2.10 (West's 1998).

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 6**

Plaintiff also claims that the acts of Defendants Barnard were done with callous and reckless indifference to Plaintiff's rights so as to entitle her to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that Defendant did act with callous and reckless indifference to Plaintiff's rights, the law allows you, in your discretion, to assess punitive damages against Defendant as punishment and as a deterrent to others.

Field v. City of Omaha, 810 F. 2d 830 (8th Cir. 1987)

**PLAINTIFF'S REQUESTED INSTRUCTION NO.7**

If you find the Defendant violated one or more than one of Plaintiff's rights, you may then determine whether to award punitive damages. The function of punitive damages is to punish the Defendant for malicious or bad faith conduct, and deter similar conduct by others. Your decision whether to award punitive damages should be based on whether the conduct of Defendants demonstrated one or more of the following:

    1.    Violations of the Plaintiff's rights when done maliciously, wantonly or oppressively.

    2.    Intentional acts by the Defendant with deliberate indifference to the Plaintiff's constitutional rights.

    3.    Reckless disregard by the Defendant as to whether or not they were in violation of Plaintiff's rights.

You must take into consideration the character and degree of the wrong and the necessity of preventing similar wrongs. Your award must be reasonably related to the wrong and necessary to deter the Defendant and others from engaging in similar conduct.

If you find that Defendant did any one of these things, and if you also find that justice and the public good require it, you may award punitive damages.

Field v. City of Omaha, 810 F.2d 830 (8th Cir. 1987).

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 8**

An act or failure to act is "maliciously" done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups of categories of which the injured person is a member.

An act or failure to act is "wantonly" done if done in reckless or callous disregard of, or indifference to, the right of one or more persons, including the injured person.

An act or failure to act is "oppressively" done if done in a way or manner which injures, damages or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power or by taking advantage of some weakness, or disability, or misfortune of another person.

An act or failure to act is one with "reckless disregard" if done in callous disregard of or indifference to the rights of one or more persons, including the injured person.

Silver v. Cormier, 529 F.2d 161, 163 (10th Cir. 1976); Smith v. Wade, 461 U.S. 30, 46, 54 & 56; Atencio v. City of Albuquerque, 911 F. Supp. 1433, 1446-47 (D.N.M. 1995).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BERTHA KEYLON,**

       **Plaintiff,**

**v.**                                        **No. 04-1303 JP/RLP**

**S. BARNARD,**
**City of Albuquerque Police Officer,**

       **Defendant.**

## JURY VERDICT FORM

1. We award the following amount of nominal or compensatory damages:

   _____

2. Do you find, in your discretion, that an award of punitive damages is appropriate against Defendant Barnard?

   Yes_____                  No_____

3. If you answered yes to question 2, enter the amount of punitive damages you find appropriate against the Defendant Barnard.

   _____

_____                                      _____
DATE                                                                 FOREPERSON