IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BERTHA KEYLON,**

        **Plaintiff,**

v.                                    No. 04-1303 JP/RLP

**SCOTT BARNARD,**
**City of Albuquerque Police Officer,**

        **Defendant.**

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed.R.Civ.P. 16. The parties conferred and submit the following Pretrial Order.

## I.  APPEARANCES

Attorneys who will try the action:

    For Plaintiff             **KENNEDY LAW FIRM**
                                          Joseph P. Kennedy
                                          Shannon L. Kennedy
                                          1000 Second Street N.W.
                                          Albuquerque, New Mexico 87112
                                          (505) 244-1400

                                          **COYTE LAW**
                                          Matthew E. Coyte
                                          1000 Second Street NW
                                          Albuquerque, NM 87102
                                          (505) 244-3030

    For Defendant           Kathryn Levy
                                          Deputy City Attorney
                                          City of Albuquerque Legal Department
                                          P.O. Box 2248
                                          Albuquerque, New Mexico 87102
                                          (505) 768-4500

## II. JURISDICTION AND RELIEF SOUGHT

**A. Subject Matter Jurisdiction.**

    **1. Was this action removed or transferred from another forum?** \_\_\_\_Yes

    \_\_X\_\_ No.  If yes, was the action removed or transferred?

    \_\_\_\_\_ Removed   \_\_\_\_\_ Transferred  _____ Original forum

    **2. Is subject matter jurisdiction of this Court contested?**

    \_\_X\_\_\_      Uncontested \_\_\_\_\_ Contested   _____ Party contesting

    **3. Asserted basis for jurisdiction.**

    \_\_X\_\_\_  Federal Question  \_\_\_\_\_ Diversity   \_\_\_\_\_ Other

Statutory Provision(s) Invoked: 42 U.S.C. ' 1983

**B. Personal Jurisdiction and Venue.**

    **1. Is personal jurisdiction contested?**

    \_\_X\_\_\_  Uncontested      \_\_\_\_\_ Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

\_\_

    **2. Is venue contested?**

    \_\_X\_\_\_  Uncontested      \_\_\_\_\_ Contested  _____ Party contesting

**C. Are the proper parties before the Court?**

    \_X\_\_\_\_  Uncontested      \_\_\_\_\_ Contested

If contested, identify each missing party or improper party and the basis for the contention:

_____
_____

**D. Identify the affirmative relief sought in this action.**

    1. Plaintiff seeks: Actual and compensatory damages; punitive damages; attorneys= fees, expenses, costs, pre-judgment interest, post-judgment interest; and such other and further relief as the Court deems just and proper.

    2. Defendant seeks: Dismissal of any claim for punitive damages and a finding that Plaintiff has not sustained any damages as a result of Defendant's conduct.

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A. Plaintiff's claims:**

    Plaintiff alleges that she suffered damages from a wrongful arrest at the hands of Defendant Barnard.  Plaintiff further contends that an award of punitive damages is appropriate.

    Plaintiff claims physical injury, mental and emotional distress, humiliation, loss of liberty and punitive damages against Defendant Barnard.

**B. Defendant's defenses:**

    Defendant denies Plaintiff has sustained any damages as a result of his conduct and further denies that his conduct was done maliciously, with reckless indifference, wantonly, oppressively or in bad faith so as to warrant an award of punitive damages. Defendant further denies Plaintiff is entitled to pre-judgment interest.

### IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

A.  **Stipulated Factual Contentions.**

**The parties agree to the following facts listed separately below:**

1. Defendant S. Barnard is an employee of the City of Albuquerque. At all times material, he was as a law enforcement officer acting in the scope of his employment and under color of state law. Defendant is sued in his individual capacity.

2. This Court has entered judgment against Defendant Barnard.

3. The sole issue for the jury is what, if any, damages did Plaintiff suffer and whether to assess punitive damages against Defendant Barnard.

B. **Contested Material Facts.**

**1. Plaintiff's Contentions:**

On September 28, 2003, Defendant Barnard was called to plaintiff=s house by a car repossession company. The company complained that plaintiff=s son had damaged the Arepo@ truck. Plaintiff=s son was not at the residence when the individual defendants arrived.

At plaintiff=s residence, Defendant Barnard asked plaintiff for her son=s date of birth. Plaintiff became confused and was under stress because of the aggressive nature of the defendant. Plaintiff sometimes mixes her two son=s birthdays because they are proximate to each other. Plaintiff truthfully told the officers that she was not sure of his date of birth. Defendant Barnard then asked for plaintiff=s identification. Plaintiff stated her identification was in the house.

When plaintiff attempted to re-enter her house, Defendant Barnard blocked her entry and grabbed her arm. Defendant Barnard used an Aarm-bar@ technique to arrest Ms. Keylon. The defendants tightened the handcuffs beyond what was reasonable to

control plaintiff.   Defendant Barnard  inflicted pain and suffering and personal injury on the plaintiff. Defendant Barnard charged plaintiff with various misdemeanor crimes. Metropolitan Court dismissed the charges against plaintiff.

### 2. Defendant's Contentions:

Defendant denies Plaintiff=s contentions. On September 28, 2003, Officer Sedillo and Officer Barnard were dispatched to a call regarding criminal damage to property at 912 Faye Pl NE.  Upon  their arrival, officers began having a conversation with a tow truck driver, Mr. Valdez, who had called the police. Mr. Valdez advised the officers that he was repossessing a vehicle and that after he had it attached to the tow truck, the owner of the vehicle had driven it off of the truck causing damage to the tow truck in excess of one-thousand dollars ($1000.00), which is a felony.  Mr. Valdez told the name of the suspect to the officers.   As the officers were talking to Mr. Valdez, he pointed Plaintiff out to them and identified her as the suspect=s mother. Officer Barnard approached Plaintiff and Officer Sedillo continued his conversation with Mr. Valdez.

When Officer Barnard approached Plaintiff he told her what the nature of the call was and what they were doing there.  Officer Barnard then asked Plaintiff for her son=s date of birth and address.  Plaintiff responded that she did not know.  Officer Barnard believed that Plaintiff was being evasive in her responses to his questions and was interfering in the investigation of the felony criminal damage to property.  Since Plaintiff was now a suspect of a crime, Officer Barnard needed to identify her and he asked her for her driver=s license. Plaintiff responded that she did not need to give Officer Barnard anything because she did not know anything. Officer Barnard again asked for her identification, and again Plaintiff refused.  Instead, Plaintiff attempted to get into the driver=s side of her van.  Officer Barnard pushed the door to the van closed

and asked Plaintiff where her ID was located.  Plaintiff told officer Barnard it was in her purse in the house. Officer Barnard became suspicious because Plaintiff was trying to get into her van.  Plaintiff then began walking toward her house and Officer Barnard followed and again requested her identification.  Plaintiff again refused.   At that point, Officer Barnard decided to place her under arrest for resisting and concealing her identity.  Officer Barnard walked up behind Plaintiff, told her she was under arrest and placed one of her hands in a handcuff. Plaintiff began to actively resist by twisting, turning and pulling away from Officer Barnard.  Seeing Plaintiff physically resisting, Officer Sedillo came to Officer Barnard=s aid and assisted him by placing Plaintiff=s other arm behind her back in order to place the handcuffs on her.

Defendant denies Plaintiff has sustained any damages as a result of his conduct and further denies that his conduct was done maliciously, with reckless indifference, wantonly, oppressively or in bad faith so as to warrant an award of punitive damages.

## V.  APPLICABLE LAW

**A.  Do the parties agree which law controls the action?**

_X___  Yes  _____  No

If yes, identify the applicable law. 42 U.S.C. ' 1983, the New Mexico Tort Claims Act and the Fourth Amendment to the United States Constitution.

If no, identify the dispute and set forth each party's position regarding the applicable law**.**

   1.  Plaintiff

   2.  Defendant

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

    **1. Plaintiff**

        a.    Plaintiff can identify no contested issues of law.

    **2. Defendant**

        a.    Whether punitive damages can be awarded as a matter of law given the actions of Defendant.

## VII.  MOTIONS

**A. Pending Motions (indicate the date filed):**

    **1.** Plaintiff - None

    **2.** Defendants - None

**B. Motions which may be filed:**

    **1.** Plaintiff - None

    **2.** Defendants - None

## VIII.  DISCOVERY

**A. Has discovery been completed?**   __X___ Yes _____ No

If no, discovery terminates on  _____.

**B. Are there any discovery matters of which the Court should be aware?**  No.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

A. **Plaintiff's Witnesses:**

   **1. Plaintiff will call or have available at trial the following witnesses**:

   <u>Will call</u>

   1. Bertha Keylon
      c/o Kennedy Law Firm
      1000 Second Street NW
      Albuquerque, New Mexico 87102
      (505) 244-1400

      Plaintiff will testify to the facts as alleged in her complaint and to her damages suffered as a result of this incident.

   2. Brian Keylon (via previous trial transcript)
      deceased

      Brian Keylon was the son of Bertha Keylon and was a witness to the incident and to the physical injuries sustained Plaintiff. He will testify as to the facts alleged in the complaint and to the damages suffered by the Plaintiff.

   3. Laura Martinez
      908 Faye Place NE
      Albuquerque, New Mexico 87112
      (505) 385-9046

      Laura Martinez is the daughter the Bertha Keylon and was a witness to the incident and to the physical injuries sustained by Plaintiff. She will testify as to the facts alleged in the complaint and to the damages suffered by the Plaintiff.

   4. Diana Barreras
      4301 Morris NE, Apt H42
      Albuquerque, New Mexico 87112
      (505) 291-2334

      Ms. Barreras was visiting a neighbor of the Plaintiff and was a witness to the incident and to the physical injuries sustained by Plaintiff as a result of the incident. She will testify as to the facts alleged in the complaint.

   5. Owen Newton
      913 Faye Place NE
      Albuquerque, New Mexico
      (505) 291-0550

      Mr. Owen is a neighbor of the Plaintiff and was a witness to the incident and to the physical injuries sustained by Plaintiff as a result of the incident. He will testify as to the facts alleged in the complaint.

**<u>May call</u>**

6.     Filbert J. Montes, J.D.
       3900 Juan Tabo Blvd NE
       Albuquerque, New Mexico 87111

       Mr. Montes represented the Plaintiff on the criminal charges stemming from this incident and will testify as to the facts of the criminal case and dismissal of the charges.

7.     Stephen Fuette, M.D.
       Presbyterian Kaseman Hospital
       8300 Constitution Avenue NE
       Albuquerque, New Mexico 87110
       (505) 291-2121

       Dr. Fuette is the emergency room physician that examined the Plaintiff on the day of the incident and will testify as to the injuries sustained by the Plaintiff.

8.     Deborah Jarmul
       Northside Family Practice
       5901 Harper Drive NE
       Albuquerque, New Mexico

       Ms. Jarmul is the physician assistant referred to Plaintiff by Dr. Fuette for further evaluation and medical treatment. She will testify as to the injuries sustained by the Plaintiff and to the medical treatment provided.

9.     Dr. Lill
       Radiology Associates of Albuquerque
       P.O. Box 91150
       Albuquerque, New Mexico 87199

       Dr. Lill is the radiologist in the emergency room on the day of the incident a will testify as to the results of the x-rays and to the injuries sustained by the Plaintiff.

10.    David Sedillo
       c/o Albuquerque Police Department
       400 Roma NW
       Albuquerque, New Mexico 87103

>Defendant Sedillo is an officer with Albuquerque Police Department. He is expected to testify to his participation and observations regarding the encounter with Plaintiff on September 28, 2003.

11. Defendant Scott Barnard
    c/o Albuquerque Police Department
    400 Roma NW
    Albuquerque, New Mexico 87103

    Defendant Barnard is an officer with Albuquerque Police Department. He is expected to testify to his participation and observations regarding the encounter with Plaintiff on September 28, 2003.

**B. Defendant's Witnesses:**

1. Defendant will call or have available at trial the following witnesses:

   a.. APD Officer Scott Barnard
       c/o Kathryn Levy
       P.O. Box 2248
       Albuquerque, NM 87103
       505-768-4500

       Defendant. Defendant Barnard will testify regarding the facts and circumstances surrounding his encounter with Plaintiff on September 28, 2003.

2. Defendant may call the following witnesses:

   b. Isaac Valdez
      2320 Menew
      Bosque Farms, New Mexico 87068

      Witness. Mr. Valdez was an employee of Paramount Research & Recovery on September 28, 2003, and may testify regarding his observations of the encounter between officers and Plaintiff.

   c. APD Field Investigator Rochelle Melvin
      c/o Kathryn Levy
      P.O. Box 2248
      Albuquerque, NM 87103
      505-768-4500

      Witness. FI Melvin took photographs of the plaintiff and of Officers Sedillo and Barnard.

   d. Albuque rque Police Department Officer David Sedillo

10

>    c/o Kathryn Levy
>    P.O. Box 2248
>    Albuquerque, NM 87103
>    505-768-4500
>
>    Officer Sedillo will testify regarding the facts and circumstances surrounding his encounter with Plaintiff on September 28, 2003.

    e.    Any witnesses identified by Plaintiff.

    f.    Any witnesses necessary for authentication, foundation, impeachment or rebuttal.

## X. TRIAL PREPARATION

**A. Exhibits.**

The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot be anticipated before trial. The parties must file an original plus three (3) copies of the parties' " consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than _____ calendar days before trial. For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than _____ calendar days before trial. An original plus three (3) copies of each party's contested exhibit list must be filed on the date identified in the preceding paragraph. In addition, two courtesy copies of the contested and uncontested exhibit list must be delivered to the judge's chambers.

All exhibits must be marked before trial. Exhibits must be marked numerically and identify the party offering the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

**B. Witness Lists.**

11

An original and three (3) copies of a party's witness list must be filed with the Clerk and served on all parties by _____.  Indicate whether the witness is testifying by deposition or in person.  Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list.  The objecting party must highlight those portions of the requested deposition testimony to which the party objects.  Plaintiff must use a yellow highlighter and defendant must use a blue highlighter.  The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least _____ calendar days before trial.

**C. Voir Dire.**

    **1.** If allowed, do the parties wish to participate in *voir dire*?

        Plaintiff      ___X__ Yes _____ No

        Defendant      __X__ Yes _____ No

    **2.** Each party wishing to participate in *voir dire* must serve on all parties and file with the Clerk, a pleading entitled "Proposed Voir Dire Questions."  The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed *voir dire* questions.  This request must be filed at least _____ calendar days prior to jury selection.

**D. Jury Instructions and Verdict.**

    **1. In General.**  The parties must confer about proposed jury instructions.  The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given.  The stock instructions are available from the Clerk.  The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.  **2. Sources for Instructions.**  If

pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

3. **Submission of Proposed Instructions.** The parties must submit one mutually approved set of jury instructions no later than _____ calendar days before trial. For those instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

4. **Form of Instructions.**

   **a.** Submit sets of double-spaced instructions as follows:

   ___ set(s) of originals without citations and headed "Instruction No.___"; and

   ___ set(s) with citations and numbered accordingly, (Fig 1), one of which will be filed.

   **b.** If available, also submit a hard 3.5 diskette of all instructions in a format compatible with Word Perfect 8.0.

   **c.** Submit no more than one instruction to a page.

   **d.** All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

   **e.** Submit a cover sheet on all sets of instructions.

5. **Deadlines for Submitting Instructions.**

   **a.** Instructions and diskette shall be filed _____ calendar days before trial.

   **b.** Supplemental unanticipated jury instructions may be submitted at trial.

E. **Statement of Case.**

13

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection.  The statement must be submitted to the Court _____ days before jury selection.

**F.  Submissions for Bench Trials.**

**1.**  The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than ____ calendar days before trial.  For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

**2.**  If available, submit a hard 3.5 diskette on Word Perfect 8.0 format of the findings of fact and conclusions of law.

### XI.  OTHER MATTERS

**A. Settlement Possibilities.**

**1.** The possibility of settlement in this case is considered:

__X____   Poor      _____   Fair   _____   Good _____   Excellent        _____ Unknown

**2.**  Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____   Yes   _X_____   No   If yes, when? _____

If a settlement conference has already been held, indicate approximate date.  _____

Would a follow-up settlement conference be beneficial?  _____  Yes  _X_____  No

   3. Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?  If yes, please identify.  If no, explain why not. Due to the City=s no settlement policy, it would not be in the best interest of judicial economy.

**B. Length of Trial and Trial Setting.**

   **1.** This action is a  _____  Bench trial  __X___  Jury Trial  _____  Both

   **2.** The case is set for trial on a trailing trial docket beginning January 27, 2009.  If there is no setting, the parties estimate they will be ready for trial by _____.

   **3.** The estimated length of trial is 1-2 day(s).

### XII.  EXCEPTIONS

### XIII.   MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this      day of January, 2009.

*Attorneys for Plaintiff*

**KENNEDY LAW FIRM**

  _/s/ Joseph P. Kennedy_
Joseph P. Kennedy,
Shannon L. Kennedy
Attorneys for Plaintiff
1000 Second Street NW
Albuquerque, New Mexico 87102
(505) 244-1400
(505) 244-1406 (facsimile)

**COYTE LAW**


 */s/ Matthew E. Coyte*
Matthew E. Coyte
Attorney for Plaintiff
1000 Second Street NW
Albuquerque, New Mexico 87102
(505) 244-3030
(505) 244-1406 (facsimile)


*Attorney for Defendant*


 */s/ Kathryn Levy*
Kathryn Levy
Deputy City Attorney
P. O. Box 2248
Albuquerque, New Mexico 87l03
(505) 768-4500
(505) 768-4440 (facsimile)


Dated: _____


_____
JAMES A. PARKER
UNITED STATES DISTRICT JUDGE