IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BERTHA KEYLON,**

      **Plaintiff,**

v.                                                    No. 04-1303 JP/RLP

**SCOTT BARNARD,**
**City of Albuquerque Police Officer,**

      **Defendant.**

## PLAINTIFF'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO INSTRUCT THE JURY ON PUNITIVE DAMAGES

**COMES NOW**, Bertha Keylon, by and through the Kennedy Law Firm, and Matt Coyte, PC, and hereby moves and states the following in support of Plaintiff's Motion for a Punitive Damages Instruction:

## LEGAL AUTHORITY

The jury easily could find that defendant officer acted in the face of a flatly unacceptable risk that his actions would violate plaintiff's Fourth Amendment rights. The Defendant officer in this matter has continual expressed a hostile disdain for plaintiff's clearly established civil rights and her prosecution of those rights. A potential juror finding of fact that Defendant officer did not care and does not care that his actions violated plaintiff's civil rights clearly supports a punitive damages instruction in this matter. *See Daiz v. Vivoni*, 463 F.2d 77, *; 2006 U.S. App. Lexis 23740, (1st Cir. 2006).

A punitive damages award is supported not only by the facts surrounding the subject incident but also by the subsequent behavior of the arresting officer. Id. Thus, "the central question is whether the defendant acted 'in the face of a perceived risk that his actions [would]

violate federal law,'" *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999); *see also DiMarco-Zappa v. Cabanillas*, 238 F.3d 25, 38 (1st Cir. 2001)(reckless indifference to a plaintiff's civil rights suffices to authorize liability for punitive damages); *and Powell v. City of Pittsfield*, 391 F.3d 1, *; 2004 U.S. App. LEXIS 24476 (1st Cir. 2004) at footnote 22:

> "In his majority opinion in *Smith v. Wade*, 461 U.S. at 42-43, Justice Brennan parsed various formulations of the standard of recklessness that suffices to authorize an award of punitive damages in the absence of "actual malice." He quoted the standard announced *Milwaukee & St. Ry. Co. v. Arms*, 91 U.S. 489, 493, 495, 23 L.Ed. 374 (1876), as an exemplar: "that reckless indifference to the rights of others which is equivalent to an intentional violation of them . . . that entire want of care distinguishes between 'indifference, conscious or otherwise,' and 'intent,' while hold both states of mind of similar culpability. *Smith*, 461 U.S. at 43 n. 10. .

Defendant officer had and has an entire "want of care," concerning his violations of plaintiff's civil rights. While *Kolstad* addresses a claim for punitive damages under 42 U.S.C. Section 1981a, "Kolstad's teachings [are] fully applicable to punitive damages under section 1983." *Iacobucci v. Boulter*, 193 F.3d 14, 25 n. 7 (1st Cir. 1999)(the standard is "conscious indifference" towards plaintiffs federally protected rights).

Defendant officer was, has been and is conscious that he has violated plaintiff's Fourth Amendment rights, and completely indifferent towards this fact. He expressly argues that his violation of her federally protected rights caused her no harm; thereby expressing his continued disrespect and disregard for plaintiff and her constitutionally protected civil rights.

There is ample evidence that defendant officer has repeatedly expressed "conscious indifference," towards plaintiff's federally protected civil rights. The jury could easily find that he acted in the face of an obvious risk that his actions would compromise plaintiff's Fourth Amendment rights; and that his subsequent behavior evinces that he does not care.

Thus, Plaintiff requests that the Court instruct the jury on punitive damages.

                                            Respectfully submitted,

**KENNEDY LAW FIRM**

    */s/ Shannon L. Kennedy*
Shannon L. Kennedy
Joseph P. Kennedy
1000 Second Street NW
Albuquerque, New Mexico 87102
(505) 244-1400

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2009 this pleading was electronically filed and thereby served on all opposing counsel of record.

    */s/ Shannon L. Kennedy*
SHANNON L. KENNEDY