**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 2 8 2009

MATTHEW J. DYKMAN
CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**BERTHA KEYLON,**

     **Plaintiff,**

vs.

                                     **Civ. No. 04-1303 JP/RLP**

**SCOTT BARNARD,**
**City of Albuquerque Police Officer,**

     **Defendant.**

### COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have now heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

Jury Instruction No. 2

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

Jury Instruction No. __3__

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Jury Instruction No. 4

In this civil action, Plaintiff Bertha Keylon claims damages as the result of a deprivation

of her rights under the Constitution of the United States and under a federal statute protecting the

civil rights of all persons within the United States.

The Court has already determined Defendant Scott Barnard violated Plaintiff's civil

rights by arresting and unreasonably detaining her. Plaintiff Keylon claims she is entitled to

damages as a result of the arrest and detention.

You must accept as true that Defendant Barnard violated Plaintiff Keylon's constitutional

rights. Your role in this trial is to determine what damages, if any, Plaintiff Keylon suffered and

whether, in your discretion, an award of punitive damages is appropriate.

Jury Instruction No. _5_

It is a general rule in civil cases that a party seeking a recovery has the burden of proving every essential element of its claim by a preponderance of the evidence.

To prove by a preponderance of the evidence means to establish that something is more likely true than not true. When I say in these instructions that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

Jury Instruction No. 6

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Jury Instruction No. __7__

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

Jury Instruction No. _8_

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to the Plaintiff or to the Defendant; the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Jury Instruction No. _____9_____

Sworn testimony is testimony that was taken under oath before trial and has been preserved in writing. This testimony is entitled to the same consideration that you give any other testimony at this trial.

Jury Instruction No. _10_

Damages must be reasonable. You may award only those damages which will reasonably compensate Plaintiff Keylon for the injuries that she has sustained as a result of Defendant Barnard's wrongful conduct.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

Jury Instruction No. ___11___

You must fix the amount of money which will reasonably and fairly compensate Plaintiff

for any of the following elements of damages you find that Plaintiff has proved by a

preponderance of the evidence to have resulted from the wrongful conduct of the Defendant:

1.    Any physical injury and resulting pain and suffering, considering the nature,

extent, and duration of the injury;

2.    The reasonable expense of Plaintiff's necessary medical care, treatment, and

services;

3.    Any personal humiliation, embarrassment, or mental or emotional anguish or

suffering resulting from the deprivation of Plaintiff's rights.

The guide for you to follow in determining compensation for humiliation,

embarrassment, mental or emotional anguish or suffering, or for pain and suffering, if any, is the

enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate

Plaintiff with fairness to all parties to this action.

Whether any of these elements of damages has been proved by the evidence is for you to

determine. Your verdict must be based upon proof and not upon speculation, guess or conjecture.

On the other hand, the law does not require that Plaintiff prove the amount of her losses with

mathematical precision, but only with as much definiteness and accuracy as the circumstances

permit.

Sympathy or prejudice for or against a party should not affect your verdict and is not a

proper basis for determining damages.

Jury Instruction No. _12_

If you find that the conduct of Defendant Barnard was malicious, willful, reckless, or wanton, then you may award punitive damages against Defendant Barnard.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights or safety.

Jury Instruction No. _13_

Faithful performance by you of your duties is vital to the administration of justice.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Jury Instruction No. ___14___

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send, that you should never state your numerical division.

UNITED STATES DISTRICT JUDGE